UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

KATRINA CATTERUCCIA,

        Plaintiff,

        v.                              Case No. 20-C-1730

IMPROVED LIVING SERVICES, LLC,

        Defendant.

─────────────────────────────────────────────

**DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

─────────────────────────────────────────────

Katrina Catteruccia filed this lawsuit against her former employer, Defendant Improved Living Services, LLC (ILS). She alleges that ILS violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and Wisconsin's Wage Payment and Collection Laws (WWPCL) during her employment as a Case Manager. This matter comes before the Court on ILS's motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. ILS argues that dismissal is appropriate because it is not an enterprise engaged in interstate commerce within the meaning of the FLSA. For the following reasons, the motion will be denied.

A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of this Court of the subject matter related in the complaint. Fed. R. Civ. P. 12(b)(1). ILS asserts that Catteruccia's FLSA claims fail because ILS is not a covered enterprise within the meaning of the FLSA. "The FLSA's overtime provisions apply if either the employer is a covered enterprise or the plaintiffs are covered individuals." *Tony & Susan Alamo Found. v. Sec. of Labor*, 471 U.S. 290, 295 n.8 (1985). In this case, Catteruccia invokes enterprise coverage. Enterprise coverage applies to an enterprise that has employees who perform activities "in connection with the operation of a

hospital, an institution primarily engaged in the care of the sick, the aged, the mentally ill or defective who reside on the premises of such institution . . . ." 29 U.S.C. § 203(r)(1)–(2). Catteruccia alleges that ILS is "primarily engaged in the care of the sick, the aged, or the mentally ill or defective," that she was an ILS employee engaged in the non-exempt position of case manager, and that she regularly worked at ILS's residential care facilities. Am. Compl. ¶¶ 17, 22–23. ILS disputes that it is an enterprise. Catteruccia's allegation that ILS is a covered enterprise within the meaning of the FLSA, which the Court is required to accept as true for present purposes, is sufficient to establish enterprise coverage.

**IT IS THEREFORE ORDERED** that ILS's renewed and supplemental motion to dismiss (Dkt. No. 18) is **DENIED**. The Clerk is directed to set the matter on the Court's calendar for a Rule 16 scheduling conference.

Dated at Green Bay, Wisconsin this 12th day of May, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge